**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| JONATHAN K. YU ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| KEVIN B. WILSON LAW OFFICES ) | |
| PATRICIA STAPLES ) | |
| RHONDA CLARK ) | |
| ) | |
| Defendants ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

4. Plaintiff Jonathan K. Yu is a natural person who resides in the City of Potomac, Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant Kevin B. Wilson Law Offices. (hereinafter "KBW") is a law firm that specializes in debt collection whose principal place of business is located at 2810 Walker Road, Suite 102, Chattanooga, TN 37421, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Patricia Staples (hereinafter "Defendant Staples") is a natural person who was employed at all times relevant herein by Defendant KBW as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Rhonda Clark (hereinafter "Defendant Clark") is a natural person who was employed at all times relevant herein by Defendant KBW as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

7.      On January 23, 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5); namely, a hospital bill for services rendered to Plaintiff's minor son by Shady Grove Adventist Hospital.

8.      By virtue of this debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3);

9.      On or about August 22, 2011, Plaintiff sought relief from his creditors by filing a Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Maryland (Case No. 11-27418).

10.     In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Shady Grove Adventist Hospital" ("Shady Grove"). A copy of the filed Schedule F is attached as **Exhibit A**.

11.     On or about August 26, 2011, Bankruptcy Noticing Center certified that it had reported Plaintiff's bankruptcy to bankruptcy monitoring services including, but not limited to, BANKO, AACER, and MERLIN. A copy of this certification is attached as **Exhibit B**.

12.     On or about October 26, 2011, without doing its due diligence, Defendant sent a letter to Plaintiff seeking to collect on the debt owed to Shady Grove that was included in Plaintiff's bankruptcy. A copy of this letter is attached as **Exhibit C**.

13.     On or about November 3, 2011, Defendant Clark called Plaintiff regarding this debt and left a voicemail.

14.     On or about November 28, 2011, Defendant Patricia Staples called Plaintiff in an attempt to collect on the aforementioned debt.

15. Plaintiff told Defendant Staples that he was currently in bankruptcy and provided her with undersigned counsel's information.

## LEGAL APPLICATION

16. All of the above-described collection communications made to Plaintiff by Defendant KBW and collection employees employed by Defendant KBW, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

17. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff in an effort to collect his debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

18. Due to this abusive collection call by Defendant KBW and its employees, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from an unjustified and abusive invasion of personal privacy.

### Respondeat Superior Liability

19. The acts and omissions of Defendants Staples and Clark, who communicated with Plaintiff as further described herein, were committed within the time and space limits of the formers' agency relationship with their principal, Defendant KBW.

20. The acts and omissions by Defendants Staples and Clark were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant KBW in collecting consumer debts.

21. By committing these acts and omissions against Plaintiff, Defendants Staples and Clark were motivated to benefit their principal, Defendant KBW.

22. Defendant KBW is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal

law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of each Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

29. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

30. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

31. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff through this invasion of privacy.

32. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of punitive damages against each Defendant;

c) For an award of reasonable attorney's fees and costs; and

d) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.


Respectfully submitted this 2nd day of December, 2011,

JONATHAN K. YU


By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com